Belknap
No. 80-211

SALVATRICE ANN MARTIN CARTELLI

v.

ALAN JAMES MARTIN

April 17, 1981

*William B. Cullimore,* of Farmington, waived brief for the plaintiff.

*Decker, Hemeon, Fitzgerald & Sessler P.A.,* of Laconia (*David R. Decker* on the brief), by brief for the defendant.

PER CURIAM. The issue on this appeal is whether the superior court properly declined to exercise jurisdiction under RSA ch. 458-A (Supp. 1979), the Uniform Child Custody Jurisdiction Act, over a cross-petition filed by the defendant to modify a Connecticut decree pertaining to the custody of the parties' children. We affirm the court's dismissal of the defendant's cross-petition to modify.

The defendant, in his answer to plaintiff's petition to enforce the Connecticut decree of custody dated November 21, 1979, admitted the following facts. The plaintiff was divorced from the defendant by judgment and decree of the Superior Court of Connecticut on April 5, 1974; the decree awarded to the plaintiff the custody and education of Kristy Eleanor, born to the parties November 9, 1968, and Douglas Arthur, born to the parties on August 5, 1970; the Connecticut court granted the defendant a right of reasonable visitation, which that court later modified on October 10, 1975, to provide "that in 1977 the Defendant shall have the children for the entire month of July and each odd year thereafter." In accordance with that modified decree, on or about July 1, 1979, the minor children were delivered to their father, the defendant, who resided in New Hampshire.

The defendant in his answer to the petition for enforcement of decree of custody sought permanent custody of the children. He alleged that the children have lived with him in Alton since the beginning of the summer of 1979, that they desire to live with him rather than with their mother, that there has been a change in circumstances requiring the change in custody, and that the best interest of the minor children is that their custody be awarded to him.

On the pleadings, without a hearing, the Marital Master (*Linda Stewart Dalianis*, Esq.) made the following recommendations:

> "The Court finds sufficient undisputed facts in the pleadings to decline to exercise jurisdiction under RSA ch. 458-A. Defendant's Answer with Request to Modify Custody dismissed. Plaintiff's Petition for Enforcement and Motion for Judgment on the pleadings granted.
>
> The children shall be forthwith returned to plaintiff's custody."

The master's recommendations were approved by the Superior Court (*Batchelder*, J.), and an order in accordance therewith was issued.

It has been said that "[t]here are four types of custody cases. The 'best' are those in which both parents want their children, but care enough not to fight over them. Then there are cases where only one

parent wants the children, and the other does not interfere. Next are the cases in which both parents want the children and fight over them. Truly sad are those cases in which neither parent wants the children." H. KRAUSE, FAMILY LAW IN A NUTSHELL § 21.1 (1977).

In order to relieve this almost intractable problem of disputed child custody, wherein children are innocent subjects of a conflict they can seldom understand, the legislature enacted RSA ch. 458-A (Supp. 1979) entitled "Uniform Child Custody Jurisdiction Act" to take effect September 1, 1979. RSA 458-A:1 (Supp. 1979) lists the following among its general purposes: "(a) Avoid jurisdictional competition and conflict with courts of other states in matters of child custody which have in the past resulted in the shifting of children from state to state with harmful effects on their well-being . . . ; (c) Assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection . . . and that courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state."

RSA 458-A:7 I (Supp. 1979), "Inconvenient Forum," reads as follows:

> "A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum."

■ Among the factors to be considered by the court in making the decision of inconvenient forum, one is whether "[a]nother state is or recently was the child's home state." RSA 458-A:7 III(a) (Supp. 1979). The domicile of the children in the case before us was Connecticut because that was the domicile of their mother to whom their custody had been granted. See *Luoma v. Keene School District*, 106 N.H. 488, 491, 214 A.2d 120, 122 (1965); *In re Sagan*, 396 A.2d 450, 452 (Pa. Super Ct. 1978). Furthermore, there was no allegation that the children had been abandoned or that some emergency existed that made it necessary for this State to assume jurisdiction for their protection. RSA 458-A:3 I(c); *see Mattison v. Mattison*, 379 So. 2d 677, 680 (Fla. App. 1980). *See generally* Bodenheimer, *Progress Under the Uniform Child Custody Jurisdiction Act and Remaining Problems: Punitive Decrees, Joint Custody, and Excessive Modifications*, 65 CAL. L. REV. 978 (1977); Boden-

heimer, *The Uniform Child Custody Jurisdiction Act: A Legislative Remedy for Children Caught in the Conflict of Laws*, 22 VAND. L. REV. 1207 (1969).

 "A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child." RSA 458-A:7 II (Supp. 1979). The record supports the master's ruling that the undisputed facts in the pleadings warranted a declination to exercise jurisdiction under RSA ch. 458-A (Supp. 1979). The orders recommended by the master and approved and decreed by the superior court were proper.

*Affirmed.*